[Crim. No. 1659. Second Appellate District, Division One.—July 12, 1928.]

THE PEOPLE, Respondent, v. TERRELL REDDING, Appellant.

Martin S. Ryan for Appellant.

U. S. Webb, Attorney-General, John L. Flynn, Deputy Attorney-General, and Warner I. Praul for Respondent.

HOUSER, J.—Defendant appeals from a judgment of conviction of the crime of robbery and from an order denying his motion for a new trial.

The fact that a robbery occurred, as charged in the information filed against defendant, is not disputed; but the sufficiency of the evidence to establish the identification of defendant as the man who committed the crime, as well as the effect of certain evidence admitted over the objection of defendant, are the material questions presented for the consideration of this court.

With reference to the first question, the record discloses the fact that on the trial of the action the man who was robbed was unable to, and did not, identify defendant as the man who committed the robbery. However, the identity of defendant as the robber was positively established by the testimony of a boy of the age of thirteen years, who was present at the time the robbery was committed. The boy's testimony was impeached, not only by the fact that in his testimony given at the preliminary examination of defendant before the committing magistrate he failed to identify defendant, but as well by the testimony of two witnesses to the effect that prior to giving his testimony on the trial of the action in the superior court the boy had been approached by two police detectives who, by the power of suggestion, if not by a more sinister influence, had induced the boy to change his testimony given

at the preliminary examination of defendant, so that on the trial of the action in the superior court he testified to what amounted to an identification of defendant as the man who committed the crime. However, in rebuttal, each of the police detectives denied that they or either of them had been guilty of the use of any improper or unethical methods with reference to the testimony given by the boy.

In the main the defense consisted of a denial by defendant of his guilt, together with the testimony of six other witnesses to the effect that, not only including the exact time when the robbery was committed, but for several hours preceding such time and for about an hour thereafter, they were and each of them was in the presence of defendant at a place located approximately eight miles from the scene of the robbery. If, notwithstanding the weakness of the evidence upon which the verdict of guilt of defendant depended, resting as it did upon what ordinarily might be assumed as being great infirmities, the jury chose to adopt it as a reflection of the truth of the situation, including the identity of defendant as the robber, the result, as expressed in its verdict, is beyond the reach of successful attack on appeal. The evidence, though in itself weak and perhaps unsatisfactory to the judicial mind, nevertheless was legally sufficient to sustain the verdict.

But, as hereinbefore indicated, the reversal of the judgment and the order denying the motion for a new trial is sought upon the additional ground that, over the objection of defendant, evidence was admitted against him by which he was substantially prejudiced in the eyes of the jury. By defendant's testimony on cross-examination, it was established that some years preceding the date of the robbery here under consideration, acting on the belief that he was "pleading guilty to a misdemeanor," defendant actually pleaded guilty to "an attempt to commit burglary," for which he was sentenced to a term of one year in the county jail. In the course of such cross-examination of defendant he was asked by the deputy district attorney in charge of the prosecution whether at the time the robbery in question was committed he was a fugitive from justice. The court overruled defendant's objection to the question. Thereupon defendant answered in the affirmative. No point was made at the trial, nor is it here raised, as to whether in the circum-

stances, as a matter of law, defendant had actually been convicted of a felony as defined and provided respectively by sections 17, 461 and 664 of the Penal Code. But it is now urged that the ruling by the trial court to which attention has been directed was "grossly prejudicial," and authorities are cited in support of such contention.

While in accordance with the provisions of section 2051 of the Code of Civil Procedure on the examination of a witness it is permissible to show that theretofore he had been convicted of a felony, nevertheless it is also specifically provided therein that "evidence of particular wrongful acts" may not be shown for the purpose of impeaching the general reputation of the witness for truth, honesty or integrity. (27 Cal. Jur. 132.)

Over the objection of defendant, he was forced to admit that at the time the robbery in question occurred he was a fugitive from justice. The general understanding of what is meant by the term "fugitive from justice" is one who, having either perpetrated a crime, or who is accused of having done so, in a given jurisdiction, flees therefrom without awaiting the consequences of the act which it is assumed he has committed. The record herein is silent as to any connection between the fact that before his conviction in the instant case defendant had been convicted of a "felony," and the fact that when the robbery in question occurred he was a fugitive from justice. The "particular wrongful act" of which defendant was accused, or which in fact he had theretofore committed, was left wholly to the conjecture of the jury, and without any evidence of the specific fact each member of the jury may have assumed that the crime, the consequences of which defendant was fleeing, was of the most heinous character, and consequently that his testimony was unworthy of belief. Nor is this court convinced that because the jury had before it evidence to the effect that theretofore defendant had been convicted of a "felony," to wit: of an attempt to commit the crime of burglary, the testimony of defendant had been so impeached that nothing was added to the discredit of his testimony by reason of the fact that he was a fugitive from justice. An attempt by defendant to commit burglary may have had some effect upon the credibility which should attach to his testimony; but it may not have entirely de-

stroyed confidence in it. On the other hand, the possibly imagined fact by the members of the jury that, in addition to an attempt by defendant to commit burglary, he was at least accused of the commission of some other offense, ranging in character from the least morally objectionable to that of the most desperate or most despicable, may have had the effect not only of utterly overthrowing the testimony given by defendant, but as well of creating such a prejudice against him and his defense as to have carried with it a fatal distrust of the testimony given by his supporting witnesses. Considering the weakness of the case presented by the prosecution, it is not improbable that without the evidence to which reference has been had, the jury would have taken a different view of the testimony of defendant and his six witnesses relating to the presence of defendant at the time the robbery was committed and at a place where it would have been impossible for him to have been the robber, with the result that he would have been acquitted of the charge against him. It thus beomes manifest that the error of which appellant complains was prejudicial in that it affected his substantial rights in the premises. ▮ While for the safety of the public it is greatly to be desired that the guilty be apprehended and punished for their crimes, as a stabilizing influence toward the permanence of our institutions, it is of much greater importance that the guaranty of a fair trial within the meaning and intent of the constitution and the statutes should be assured and made a certainty so far as may be within the bounds of average human ability, attended by its inevitable imperfections and frailties.

The judgment and the order denying the motion for a new trial are reversed.

Conrey, P. J., and York, J., concurred.

A petition by respondent to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on September 6, 1928.

All the Justices concurred.